# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| SKYLAR CROSSER, | |
| Plaintiff, | No. 19-CV-82-CJW |
| vs. | **MEMORANDUM OPINION AND ORDER** |
| STATE OF IOWA, IOWA DEPARTMENT OF HUMAN SERVICES, and JERRY FOXHOVEN, | |
| Defendants. | |

## I.   INTRODUCTION

This matter is before the Court for on a motion to dismiss (Doc. 4) brought by defendants State of Iowa and Iowa Department of Human Services. Plaintiff Skylar Crosser filed several supplements, which the Court charitably construes as a resistance. *See* Doc.8-16. Oral argument is not necessary. *See* L.R. 7(c).

## II.   BACKGROUND

On July 24, 2019, plaintiff filed a document which the Clerk of Court's Office characterized as a pro se 42 U.S.C. § 1983 complaint. (Doc. 1). Plaintiff paid the $400 filing fee.[1] In his filing, plaintiff states:

> I think I may hold a bad secret with a few others. I have a female individual from the rural Union, Iowa area I believe is being targeted by computers and has led to false official statements and claims to the State of Iowa Departments resulting in defamation of individual's character, coercion, falsifying DNA and conspiracy; accompanied by racketeering. This

---

[1] The § 1983 fee includes the $350 filing fee set out by 28 U.S.C. § 1914(a) and the additional $50.00 administrative fee required when filing all civil actions. *See* 28 U.S.C. § 1914, *Judicial Conference Schedule of Fees*, No. 14 ("Administrative fee for filing a civil action, suit, or proceeding in a district court, $50 . . ..").

> individual, Lauren Schwark 29 yoa, claims to have a kid with Jim Bonschmidt, of Zearing, IA area. This I believe is not the truth, and I believe the kid is [B.H.] from Alden, IA area. I am concerned for Lauren's safety as she threatens to kill herself and gets programmed to be depressed and has become a fiduciary because of this dark secret. If I do not hear a response, I will file a Federal lawsuit against the DNA company in the next 2-3 weeks. This is around the 8th lawsuit complaint in Cedar Rapids Federal Court with similar allegations of collusion and torture. Lauren has complained to me of satellites entering her body also with alternating currents; completely unacceptable.

(Doc. 1). Plaintiff goes on to request damages for, what he characterizes as, "computer crimes." The remainder of plaintiff's initial filing is a timeline, describing the effects that "microwaves" have had on him.

Based on Eighth Circuit precedent, the Court did not conduct an initial review/prescreening of plaintiff's complaint. *See Hake v. Clarke*, 91 F.3d 1129, 1132 (8th Cir. 1996) ("We find no support for the district court to have conducted a frivolousness review of non-IFP pro se complaints, or to have conducted an initial review of all pro se complaints under Rule 12(b)(6) before service of process and responsive pleadings"). In *Phelps v. Lynch*, 613 Fed. App'x 552, 553 (8th Cir. 2015) (unpublished), the Eighth Circuit Court of Appeals explained:

> Phelps was not a prisoner, as required for 28 U.S.C. § 1915A to apply, *see Kolocotronis v. Morgan*, 247 F.3d 726, 728 (8th Cir. 2001), and he had not sought leave to proceed in forma pauperis, as required for 28 U.S.C. § 1915(e)(2)(B) to apply. In addition, the claims were not subject to dismissal for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1331. We further conclude that dismissal under Rule 41(b) was unwarranted, because the district court lacked authority to conduct the underlying preservice screening.

It appears plaintiff attempted to personally serve the State of Iowa (*see* Doc. 6) and on August 1, 2019, an attorney entered an appearance on behalf of defendants State of Iowa and Iowa Department of Human Services. To the extent it was necessary, the

state defendants waived service[2] (Doc. 5) and filed a motion to dismiss. In their motion to dismiss, the state defendants argue:

> Nothing in Document 1 resembles a Complaint in the slightest way, or complies with the Federal Rules of Civil Procedure. . . . Document 1 . . . does not describe any claim for relief. . . . There is no caption and no way to identify from Document 1 who the parties are. . . . There is really no stretch of the imagination where Document 1 could even be considered a "complaint" within the meaning of the federal rules.

(Doc. 4-1 at 1-5).

Since the defendants filed their motion to dismiss, plaintiff has filed several supplements, all of which are incomprehensible. Those supplements contain additional timelines about alleged microwave damage, photo copies of receipts, photo copies of lottery tickets, pictures of knives, inappropriate words and phrases, allegations about money laundering, and contain numerous lists of nonsensical numbers. (Doc. 8-16).

### III. MOTION TO DISMISS STANDARDS

The Federal Rules of Civil Procedure authorize a pre-answer motion to dismiss for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The Supreme Court has provided the following guidance in considering whether a pleading properly states a claim:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.*, at 555, 127 S. Ct. 1955 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L.Ed.2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555, 127 S. Ct. 1955. Nor does a complaint

---

[2] Because Jerry Foxhoven no longer works for the State of Iowa, the State of Iowa could not waive service on his behalf. There is no indication in the record that defendant Foxhoven was ever served.

3

> suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S. Ct. 1955.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*, at 570, 127 S. Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S. Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557, 127 S. Ct. 1955 (brackets omitted).

*Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

Courts assess "plausibility" by "'draw[ing] on [their own] judicial experience and common sense.'" *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1128 (8th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 679). Also, courts "'review the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation.'" *Id.* (quoting *Zoltek Corp. v. Structural Polymer Grp.*, 592 F.3d 893, 896 n.4 (8th Cir. 2010)). Although *factual* "plausibility" is typically the focus of a Rule 12(b)(6) motion to dismiss, federal courts may also dismiss a claim that lacks a cognizable *legal* theory. *See, e.g.*, *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013); *Ball v. Famiglio*, 726 F.3d 448, 469 (3d Cir. 2013); *Commonwealth Prop. Advocates, L.L.C. v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1202 (10th Cir. 2011); *accord Target Training Intern., Ltd. v. Lee*, 1 F. Supp. 3d 927, 937 (N.D. Iowa 2014).

In deciding a motion brought pursuant to Rule 12(b)(6), the Court may consider certain materials outside the pleadings, including (a) "the materials that are 'necessarily embraced by the pleadings and exhibits attached to the complaint,'" *Whitney*, 700 F.3d at 1128 (quoting *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003)), and (b) "'materials that are part of the public record or do not contradict the complaint.'" *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 (8th Cir. 2012) (quoting

4

*Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999)). Thus, the Court may "consider 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned;' without converting the motion into one for summary judgment." *Miller*, 688 F.3d at 931 n.3 (quoting 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (3d ed. 2004)).

## IV. ANALYSIS

There is no doubt that plaintiff's 'complaint' fails to state a claim for which relief can be granted. His filings do not state a claim, do not state a basis for relief, do not articulate why the federal court would have jurisdiction, and fail to give the opposing parties any notice about the issues raised. Accordingly, the motion to dismiss (Doc. 4) is **granted**. Additionally, plaintiff has failed to serve defendant Jerry Foxhoven within the time allotted by Federal Rule of Civil Procedure 4(m). Accordingly, plaintiff's claim against Foxhoven is **denied** without prejudice. This case is **dismissed**.

## V. ADMONITION

This is at least the second case plaintiff has filed in this district that is completely meritless. Last year, plaintiff filed 18-CV-27-LRR, which contained filings very similar to those in this case. In dismissing that case, the Court stated:

> One thing all of these filings have in common is that they do not state a cognizable claim that asserts a cause of action against an articulable defendant. Thus, Crosser has failed to comply the court's prior order (docket no. 5 at 1-2), which required him to file an amended complaint. . . The question becomes what is the appropriate remedy? It is clear that Crosser is incapable of complying with the court's orders regarding appropriate filings. Accordingly, there is no viable remedial sanction that the court can impose and dismissal is appropriate. Under the rules, "[a] district court may dismiss a cause of action with prejudice for failure of a plaintiff to prosecute or comply with [the Federal Rules] or any court order. Fed. R. Civ. P. 41(b)." *Bergstrom v. Frascone*, 744 F.3d 571, 574 (8th Cir. 2014) (internal citations omitted). However, the court cannot readily

ascertain most of Crosser's claims. Accordingly, dismissal with prejudice would be impossible. Thus, dismissal without prejudice is the only possible appropriate sanction. Based on the forgoing, all of Crosser's claims, other than the child support claim, are denied without prejudice.

18-CV-27-LRR, Doc. 47 at 5. The Court went on to say that:

> The court notes that Crosser has taken to filing documents with the court on a nearly daily basis. As noted above, most of those filings having nothing to do with Crosser's original complaint, and many are incoherent. Others, such as the exhibits he mailed to the court, are totally inappropriate. Crosser is cautioned that if he continues to send unfounded filings (or exhibits) to the court, he may be subject to sanctions. If Crosser wishes to pursue his claims further, or disputes this court's ruling, he may file a notice of appeal which will cause this case to be appealed to the Eighth Circuit Court of Appeals.

18-CV-0027-LRR, Doc. 47 at 7.[3]

Despite that warning, plaintiff continued to inundate the Court with nonsense, much of which is frightening and offensive. *See, e.g.*, Doc. 12 at 1; 18-CV-0027-LRR, Doc. 45 (exhibits housed in the Clerk of Court's Office). <u>This order is plaintiff's final warning</u>. If plaintiff continues to send exhibits or unwarranted filings to this Court, he will be ordered to appear and show cause why he should not be sanctioned. Similarly, if plaintiff files any further cases within the next three years that this Court ultimately dismisses as frivolous or for failure to comply with either the Local Rules or the Federal Rules of Civil Procedure, plaintiff will be subject to sanctions pursuant to FED. R. CIV. P. 11 and the Court's inherent power. *See Am. Inmate Paralegal Assoc. v. Cline*, 859 F.2d 59, 61 (8th Cir. 1988) (discussing the court's power to impose monetary sanctions for violations of FED. R. CIV. P. 11 in pro se cases); *Ford v. Pryor*, 552 F.3d 1174, 1181 (10th Cir. 2008) (discussing the court's inherent power to restrict repeat abusive filings).

---

[3] Plaintiff did appeal that order to the Eighth Circuit Court of Appeals. The Eighth Circuit Court of Appeals affirmed. *See* 18-CV-0027-LRR, Doc. 60. Plaintiff filed the present complaint a few weeks after mandate issued.

If plaintiff disagrees with the Court's ruling, his recourse is to file a notice of appeal which will appeal this case to the Eighth Circuit Court of Appeals.

### *VI.     CONCLUSION*

For the reasons set out above:

1. Defendants State of Iowa and Iowa Department of Human Services' motion to dismiss (Doc. 4) is **granted**.
2. Plaintiff's claim against defendant Jerry Foxhoven is **denied** without prejudice.
3. This case is **dismissed**.

**IT IS SO ORDERED** this 12th day of December, 2019.

_____
C.J. Williams
United States District Judge
Northern District of Iowa